IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| ELIZABETH ANN HURLEY, | Cause No. CV-19-62-GF-BMM-JTJ |
| Plaintiff, | |
| vs. | ORDER |
| ANDREW M. SAUL, Commissioner of Social Security, | |
| Defendant. | |

## INTRODUCTION

Plaintiff Elizabeth Ann Hurley ("Hurley" or "Plaintiff") brings this action under 42 U.S.C. § 405(g) seeking judicial review of an unfavorable decision by the Commissioner of Social Security ("Commissioner" or "Defendant"). (Docs. 1 & 9). Hurley was denied disability benefits at the initial and reconsideration levels. (Doc. 7 at 6). Administrative Law Judge ("ALJ") Michele M. Kelley issued an unfavorable decision on August 29, 2018. (Doc. 7 at 14–32). The Appeals Council upheld the ALJ decision on July 10, 2019. (Doc. 7 at 6–12). Defendant filed the Administrative Record on November 12, 2019. (Doc. 7).

1

Plaintiff filed an opening brief on January 13, 2020. (Doc. 9). She asks the Court either to reverse or remand the decision of the ALJ for further proceedings. (Doc. 9 at 34). Plaintiff's case is fully briefed and ripe for the Court's review. (Docs. 9, 10, 11).

## JURISDICTION

The Court has jurisdiction over this action under 42 U.S.C. § 405(g). Venue is proper given that Plaintiff resides in Cascade County, Montana. 29 U.S.C. § 1391(e)(1); L.R. 1.2(c)(3).

## PROCEDURAL BACKGROUND

Plaintiff protectively filed a Title II application for a period of disability and disability insurance benefits on April 5, 2016, alleging disability beginning April 10, 2015. (Doc. 7 at 160). The ALJ identified that Plaintiff had severe impairments including: inflammatory arthritis of the left hip and right shoulder; a right shoulder rotator cuff tear; fibromyalgia; osteoporosis; a right ischial lesion; mild degenerative disc disease; scattered subchondral cysts of the metatarsals; and asthma/chronic obstructive pulmonary disease with a pulmonary nodule. (Doc. 7 at 162). The ALJ further found that Plaintiff maintained the residual functional capacity to perform light work. (Doc. 7 at 165–69). The ALJ concluded that Plaintiff was not disabled as defined in the Social Security Act from April 10, 2015 through the date of the ALJ decision. (Doc. 7 at 171). The Appeals Council rejected Plaintiff's appeal on

July 10, 2019. (Doc. 7 at 6–12). Plaintiff subsequently filed the instant action on September 5, 2019. (Doc. 1).

## STANDARD OF REVIEW

The Court conducts a limited review in this matter. The Court may set aside the Commissioner's decision only where the decision is not supported by substantial evidence or where the decision is based on legal error. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence also has been described as "more than a mere scintilla," but "less than a preponderance." *Desrosiers v. Sec. of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988).

## BURDEN OF PROOF

A claimant is disabled for purposes of the Social Security Act if the claimant demonstrates by a preponderance of the evidence that (1) the claimant has a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months;" and (2) the impairment or impairments are of such severity that, considering the claimant's age, education, and work experience, the

3

claimant is not only unable to perform previous work but also cannot "engage in any other kind of substantial gainful work which exists in the national economy." *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 974 (9th Cir. 2000) (citing 42 U.S.C. § 1382(a)(3)(A), (B)).

Social Security Administration regulations provide a five-step sequential evaluation process to determine disability. *Bustamante v. Massanari*, 262 F.3d 949, 953–54 (9th Cir. 2001); 20 C.F.R. §§ 404.1520, 416.920. The five steps are as follows:

1. Is the claimant presently working in a substantially gainful activity? If so, the claimant is not disabled within the meaning of the Social Security Act. If not, proceed to step two. *See* 20 C.F.R. §§ 404.1520(b), 416.920(b).

2. Is the claimant's impairment severe? If so, proceed to step three. If not, the claimant is not disabled. *See* 20 C.F.R. §§ 404.1520(c), 416.920(c).

3. Does the impairment "meet or equal" one of a list of specific impairments described in 20 C.F.R. Part 220, Appendix 1? If so, the claimant is disabled. If not, proceed to step four. *See* 20 C.F.R. §§ 404.1520(d), 416.920(d).

4. Is the claimant able to do any work that he or she has done in the past? If so, the claimant is not disabled. If not, proceed to step five. *See* 20 C.F.R. §§ 404.1520(e), 416.920(e).

5. Is the claimant able to do any other work? If so, the claimant is not disabled. If not, the claimant is disabled. *See* 20 C.F.R. §§ 404.1520(f), 416.920(f).

4

*Bustamante*, 262 F.3d at 954. The claimant bears the burden of proof at steps one through four. *See id.* The Commissioner bears the burden of proof at step five. *See id.*

## BACKGROUND

### I.   THE ALJ'S DETERMINATION

The ALJ followed the 5-step sequential evaluation process in evaluating Plaintiff's claim. At step one, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through June 30, 2020. (Doc. 7 at 162). The ALJ further found that Plaintiff had not engaged in substantial gainful activity since April 10, 2015. (Doc. 7 at 162).

At step two, the ALJ found that since April 10, 2015, through the date last insured, Plaintiff had the following severe impairments: inflammatory arthritis of the left hip and right shoulder; a right shoulder rotator cuff tear; fibromyalgia; osteoporosis; a right ischial lesion; mild degenerative disc disease; scattered subchondral cysts of the metatarsals; and asthma/chronic obstructive pulmonary disease with a pulmonary nodule. (Doc. 7 at 162).

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1. (Doc. 7 at 163).

At step four, the ALJ found that Plaintiff possessed the following residual functional capacity:

> to perform light work as defined in 20 CFR 404.1567(b) except she can lift, carry, push, and pull ten pounds frequently and twenty pounds occasionally. She can stand or walk about six hours in an eight-hour workday and sit about six hours in an eight-hour workday. She can frequently push and pull with her upper and lower extremities, but cannot reach over shoulder level with the bilateral upper extremities. She can frequently handle bilaterally. She needs to alternate positions every one or two hours for a few minutes at a time while staying on task. She can occasionally climb ramps and stairs, ladders, ropes and scaffolds, can occasionally kneel, crouch, and crawl and frequently balance and stoop. She needs to avoid concentrated exposure to fumes, odors, dust, gases, and poor ventilation, and hazards including unprotected heights and dangerous machinery.

(Doc. 7 at 165–69). Based on this residual functional capacity, the ALJ found that Plaintiff could perform her past relevant work as a loan processor or secretary. (Doc. 7 at 169). The ALJ concluded that Plaintiff was not disabled as defined in the Social Security Act from April 10, 2015, through the date of their decision. (Doc. 7 at 171).

## II.     Plaintiff's Position

Plaintiff argues that the ALJ erred in the three following ways: (1) improperly discounting the opinions of treating physicians relative to impairments like sleep apnea, medication effects, and the impact of rheumatoid arthritis; (2) failing to support their decision with substantial evidence in the record; and, (3) failing to incorporate all of Plaintiff's impairments into the vocational consultant's hypothetical question. (Doc. 9 at 5).

6

### III.    Commissioner's Position

The Commissioner asserts that the Court should affirm the ALJ's decision because the ALJ properly concluded that Plaintiff was not disabled April 10, 2015, through the date of their decision. (Doc. 10 at 13). Alternatively, if the Court determines that the ALJ committed an error in the analysis, the Commissioner argues a remand for further proceedings would constitute the appropriate remedy. (Doc. 10 at 14–15).

## DISCUSSION

Plaintiff argues that the ALJ erred in three distinct ways. For the reasons set forth below, the Court agrees that the ALJ improperly discounted the findings, diagnoses, and objective results from treating physicians and, accordingly, improperly denied Plaintiff's claim for disability benefits from April 10, 2015, through the date of the ALJ decision. The ALJ's decision to discount the findings of treating physicians led the ALJ to improperly discount Plaintiff's impairments including sleep apnea, medication effects, and rheumatoid arthritis. Those errors prove dispositive and the Court reverses the case for an award of benefits. It proves unnecessary to address Plaintiff's alternative arguments.

### I.    Legal Standard

In assessing a disability claim, an ALJ may rely on the opinions of three types of physicians as follows: "(1) those who treat the claimant (treating physicians); (2)

those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining physicians)." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). The ALJ should afford each physician's opinion a certain amount of deference based on that physician's classification. A treating physician's opinion deserves the greatest weight. *Id.* ("As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who did not treat the claimant."); *see also* 20 C.F.R. § 404.1527(c)(2). An examining physician's opinion is entitled, in turn, to a greater weight than a non-examining physician's opinion. *Lester*, 81 F.3d at 830.

An ALJ should afford a treating physician's opinion deference because the treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987)). Despite this deference, a treating physician's opinion is not necessarily conclusive as to either the physical condition or the ultimate issue of disability. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001) ("Although a treating physician's opinion is generally afforded the greatest weight in disability cases, it is not binding on an ALJ with respect to the existence of an impairment or the ultimate determination of disability.").

8

An ALJ should reject a treating physician's opinion only under certain circumstances. *Lester*, 81 F.3d at 830. An ALJ must provide "specific and legitimate reasons supported by substantial evidence in the record" when discounting a treating physician's uncontradicted opinion. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (internal quotations omitted); *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998). An ALJ may accomplish this task by setting forth "a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

An ALJ must do more than simply offer her conclusions. An ALJ must set forth interpretations and explain why those conclusions, rather than the doctor's, are correct. *Reddick*, 157 F.3d at 725. A non-examining physician's opinion cannot constitute, by itself, substantial evidence that justifies the rejection of a treating or examining physician's opinion. *Lester*, 81 F.3d at 831. A non-treating, non-examining physician's findings can amount to substantial evidence if other evidence in the record supports those findings. *Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir. 1996).

An ALJ may discredit a treating physician's opinions that are conclusory, brief, or unsupported by the record as a whole or objective medical findings. *Batson v. Comm'r of Soc. Sec.*, 359 F.3d 1190, 1195 (9th Cir. 2001). An ALJ can meet this

9

burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating their interpretation thereof, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1980).

The uncontroverted opinions of the claimant's physicians on the ultimate issue of disability do not bind an ALJ, but an ALJ cannot reject those opinions without presenting clear and convincing reasons for doing so. *Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993). A court can reject a treating physician's controverted opinion on disability only with specific and legitimate reasons supported by substantial evidence in the record. "In sum, reasons for rejecting a treating doctor's credible opinion on disability are comparable to those required for rejecting a treating doctor's medical opinion." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1988) (internal citations omitted).

## II.   Application to Hurley's Claim

The ALJ found that the medical evidence of record displayed Plaintiff suffered from a back impairment, dysfunction of some joints, asthma, digestive impairment, arthritis, and other pain. (Doc. 7 at 163–65). The ALJ concluded, however, that Plaintiff's statements concerning the intensity, persistence, and limiting effects of those symptoms were "not entirely consistent with the medical evidence and other evidence in the record for the decisions explained in this decision." (Doc. 7 at 166). It appears that the ALJ considered their own assessment

10

of Plaintiff's appearance, the opinions of state agency consultants, treating physicians, as well as testimonial and opinion evidence. (Doc. 7 at 165–69).

The ALJ considered first and dismissed Plaintiff's statements regarding her own symptoms. (Doc. 7 at 166–67). An ALJ may discount a claimant's testimony regarding their symptoms that is contradicted by the medical record. *Carmickle v. Comm'r of Soc. Sec.*, 533 F.3d 1155, 1161 (9th Cir. 2008). The ALJ acknowledged Plaintiff's testimony regarding pain, limitations in standing and walking, lightheadedness and dizziness, inability to open and grasp items, and consistent fatigue. (Doc. 7 at 166). The ALJ improperly discounted that testimony, however, based on the ALJ's assessment of the findings of treating physicians, the testimony of non-treating, non-examining state agency medical consultants, and the ALJ's opinions of Plaintiff's ability to conduct the activities of daily living.

The ALJ considered and improperly disregarded the opinions of treating physicians regarding Plaintiff's symptoms. The ALJ, for example, gave "[m]inimal weight" to the opinions of Dr. Brad Bergman, M.D., Plaintiff's treating physician who opined that Plaintiff was disabled. (Doc. 7 at 168). The ALJ set aside Dr. Bergman's voluminous findings because "there is little objective findings supporting many of his assertions." (Doc. 7 at 168). The ALJ noted one discrepancy in memory exam findings to support that assertion. (Doc. 7 at 168). That single identified discrepancy fails, however, to discredit the core of Dr. Bergman's objective and

uncontroverted findings regarding Plaintiff's symptoms of rheumatoid arthritis, severe joint pain, stiffness, and fine and gross motor impairment. (Doc. 7 at 168–69). The ALJ asserted that little evidence existed in the record of tenderness or swelling consistent with such pain and impairment. (Doc. 7 at 163). To make that finding, the ALJ ignored evidence of tenderness and swelling from treating physicians identified in medical records on May 1, June 9, July 2, August 5, September 9, October 22, November 4, and December 2, 2015. (Doc. 9 at 25). Treating physicians also identified tenderness and swelling on January 4, April 7, April 29, August 30, October 26, and December 29, 2016, March 2, June 22, August 9, and September 5, 2017, and February 28, 2018. (Doc. 9 at 25). The ALJ committed clear error when they ignored these findings that were consistent with Dr. Bergman's opinion and Plaintiff's testimony.

The ALJ compounded their error by giving improper weight to the opinion of state medical experts in order to discount the findings of treating physicians. The opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of an opinion of an examining physician. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). A non-treating, non-examining physician's findings can amount to substantial evidence if other evidence in the record supports those findings. *Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir. 1996).

The ALJ accorded "significant weight" to the opinions of Dr. William Fernandez, M.D., and Dr. Ronald Hull, M.D., the state agency medical consultants. (Doc. 7 at 168–69). The state agency medical consultants assessed that Plaintiff "was capable of activities consistent with light work." (Doc. 7 at 168). The ALJ found their opinions "internally consistent and well supported by a reasonable explanation and the available evidence." (Doc. 10 at 168). The ALJ failed, however, to note, describe, or explain *any* examples of such "available evidence" in their decision. The ALJ's failure to identify such evidence cannot constitute substantial evidence that would overcome the testimony of treating physicians. The ALJ erred in discounting the treating physician's testimony without clear and convincing reasons supported by substantial evidence in the record. *Matthews*, 10 F.3d at 680.

The ALJ compounded their mistaken analysis of Plaintiff's symptoms based on the testimonial evidence of Plaintiff's ability to conduct the activities of daily living and isolated examples of pain alleviation. The ALJ noted that Plaintiff "empties the dishwasher, does laundry, feeds and waters her pets, walks her dog, checks her emails, watches televisions, and cooks simple meals." (Doc. 7 at 166). The ALJ further noted isolated reports of improvement in pain symptoms. (Doc. 7 at 167). In weighing those non-treatment considerations, the ALJ failed to note the findings of treating physicians, such as Dr. Bergman's, that showed ongoing pain and difficulty in conducting physical activities. The Commissioner's invocation of

13

Plaintiff's ability to vacuum and pay bills as evidence that Plaintiff is not disabled cannot contravene the objective medical findings of treating physicians. (Doc. 10 at 8). "It is an error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working." *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014).

The ALJ improperly discounted the findings, diagnoses, and objective results from treating physicians and, accordingly, improperly denied Plaintiff's claim for disability benefits. In rejecting the opinions of treating physicians, the ALJ needed to do more than offer different conclusions. *See Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007). The ALJ needed to set forth reasoned interpretations and explain why those interpretations, rather than the doctors' opinions, are correct. *Id.* In most cases, the treating physicians' opinions remain entitled to the greatest weight and should be adopted. *Lester*, 81 F.3d at 830.

Put simply, the ALJ must provide a good reason for the weight that the ALJ affords the treating physicians' opinions. *See* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). The ALJ's justification for granting the treating physicians' opinions such little weight proves insufficient. As explained above, the ALJ failed to explain adequately why their interpretations, rather than the doctors' opinions, were correct. The ALJ accordingly erred by affording such little weight to the treating source's

14

opinions and discounting Plaintiff's testimony. The ALJ committed legal error when failing to provide a good reason for declining to afford sufficient deference to the treating physician's opinions. *See* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).

### III.    Remedy

"Remand for further administrative proceedings is appropriate if enhancement of the record would be useful." *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004). When the record is fully developed and further proceedings would serve no useful purpose, the Court may remand for an immediate award of benefits. *Id.* Remand for an award of benefits proves appropriate if there are no outstanding issues that must be resolved before a determination of disability can be made and if it is clear from the record that the ALJ would be required to find the claimant disabled if the ALJ properly had credited a treating or examining physician's opinion. *Id.* (citing *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000)).

Remand for an immediate award of benefits proves appropriate here. The record is fully developed, and further proceedings would serve no useful purpose. No outstanding issues exist that must be resolved before a determination of disability can be made. The ALJ developed a record that shows plaintiff suffered from severe impairments since April 10, 2015. (Doc. 10 at 162). It is clear from the record that the ALJ would have been required to find Plaintiff disabled beginning April 10, 2015, if the ALJ had credited properly the opinions of treating physicians. *See*

*Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004). The Court will reverse the Commissioner's final decision denying Plaintiff disability insurance benefits beginning April 10, 2015, and remand for an immediate award of benefits.

## ORDER

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion (Doc. 9) is **GRANTED**;

2. The Commissioner's final decision denying Plaintiff's claims for disability insurance benefits is **REVERSED** and **REMANDED** for an immediate award of benefits beginning April 10, 2015.

3. The Clerk of Court is directed to enter judgment accordingly.

DATED this 9th day of June, 2021.

Brian Morris, Chief District Judge
United States District Court